[Cite as *State v. Carter*, 2016-Ohio-2725.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103279**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES CARTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576912-A

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Norman Schroth
Christopher D. Schroeder
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Charles Carter ("Carter") appeals his sentence and assigns the following error for our review:

> I.  The trial court erred when it sentenced Carter to a 19-year prison term without seriously considering the purposes and principles of sentencing and the seriousness and recidivism factors.

{¶2}   Having reviewed the record and pertinent law, we affirm Carter's sentence. The apposite facts follow.

{¶3}    In August 2013, Carter was bound over from juvenile court to adult court under R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a)(i) in connection with the robbery and murder of Nathan Brown.   At the time of the crime, Carter was 16 years old, and at the time of the bindover he was 17 years old.   He had a history of delinquencies as a juvenile; he also had another pending case, which had been bound over from juvenile court to adult court (*State v. Carter*, Cuyahoga C.P. No. CR-13-576911).

{¶4}   In September 2013, the grand jury indicted Carter in this case, along with codefendants brothers Montell and Marcellus Smith.   Carter was charged as follows: Counts 1 and 2, aggravated murder; Count 3, murder; Count 4, felonious assault; Count 5, aggravated burglary; Count 6, kidnapping; and Count 7, aggravated robbery.   The charges against Carter all included one-and three-year firearm and forfeiture of a weapon specifications.

{¶5}   After negotiations with the state, Carter pleaded guilty to an amended Count 3, involuntary manslaughter with the firearm specifications; and an amended Count 7,

aggravated robbery, with deletion of the one- and three-year firearm specifications. The remaining counts and specifications were dismissed. Carter and the state agreed on a recommended sentence in the range of 13 to 20 years.

{¶6} In August 2014, the trial court sentenced Carter to a 19-year prison term, which included consecutive sentences. The trial court incorrectly stated that it was sentencing Carter on Counts 1 and 5, rather than Counts 3 and 7. The court's sentencing judgment entry also incorrectly stated the counts. The court subsequently issued a nunc pro tunc order correcting the counts.

{¶7} Carter filed an appeal from his conviction. This court in *State v. Carter*, 8th Dist. Cuyahoga No. 101810, 2015-Ohio-1834, concluded that the trial court complied with R.C. 2929.14(C)(4) in imposing consecutive sentences and that the crimes did not constitute allied offenses. However, this court remanded the matter for resentencing because the trial court sentenced Carter on the wrong counts at the hearing and in the sentencing entry. In resolving this assigned error, this court held as follows:

> Thus, although we find no issue with merger or the imposition of consecutive sentences, we find that Carter must be resentenced on the correct counts. The case is therefore remanded for resentencing Carter to the 19-year term on the correct counts. The same findings made by the trial court for the imposition of consecutive sentences may be reiterated and thereafter incorporated into its sentencing judgment entry.

*Id.* at ¶ 42.

{¶8} In the final paragraph of the opinion, we summarized our holding as follows:

Carter's conviction is affirmed. The involuntary manslaughter and aggravated robbery counts were not subject to merger. The trial court made the statutorily required findings for the imposition of consecutive sentences and the record supported the findings. However, because the court sentenced Carter on the wrong counts, the case is remanded for resentencing. In resentencing Carter, the court may rely on its prior findings in support of consecutive sentences, which it must then incorporate into its sentencing judgment entry.

*Id.* at ¶ 56.

{¶9} On remand, Carter's counsel presented mitigating factors regarding sentencing. He cited the fact that Carter was young and although he had a juvenile record, he had never served time in prison. The prosecutor reiterated that the court of appeals had no problem with the consecutive sentence or the fact the counts did not merge. The prosecutor then incorporated all of the victim impact statements from the first sentencing hearing. Although the prosecutor incorporated the facts from the first sentencing hearing, the prosecutor also stressed the facts that supported the 19-year sentence. The trial court resentenced Carter to 19 years in prison.

**Seriousness and Recidivism Factors**

{¶10} In his sole assigned error, Carter contends that the trial court failed to consider the purposes and principles of felony sentencing and the seriousness and recidivism factors outlined in R.C. 2929.12 prior to entering the sentence.

{¶11} Recently, in *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court revisited the law applicable to an appellate court's review of felony sentences. The Supreme Court held that pursuant to R.C. 2953.08(G)(2):

> [A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

*Id.* at ¶ 1.

{¶12} The Supreme Court acknowledged that not all felony sentences require the findings listed in R.C. 2953.08(G)(2)(a) and explained:

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23.

{¶13} Under R.C. 2929.11(A), a felony sentence shall be reasonably calculated to achieve two "overriding purposes": (1) to protect the public from future crimes by the offender, and (2) to punish the offender using the minimum sanctions the court determines will achieve those purposes. Further, under R.C. 2929.11(B), the sentence imposed for a felony must be commensurate with the seriousness of the offender's conduct and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶14} Under R.C. 2929.12(A), a court sentencing a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. In exercising its discretion, however, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id*.

{¶15} Although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

{¶16} Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Jones,* citing *State v. Stevens*, 1st Dist. Hamilton No. C-130279, 2013-Ohio-5218, ¶ 12. Further, a trial court's statement in its sentencing entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist.

Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

**{¶17}** Here, the trial court stated on the record at the sentencing hearing that it had "considered all this information, all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors." Tr. 15. The trial court also noted in the sentencing entry that "the court considered all required factors of law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

**{¶18}** Moreover, the court also noted that: (1) Carter committed the crimes while awaiting trial or sentencing under a sanction or under postrelease control, (2) Carter was on probation in the juvenile court when he committed the crime for having a weapon while under disability and also while a robbery case was pending in the court of common pleas, (3) Carter had a criminal history dating back to 2009 for receiving stolen property, possession of criminal tools, theft, and criminal damaging, (4) Carter orchestrated the home invasion and robbery because he knew the victim and was familiar with the home, and (5) although Carter did not shoot the victim, he was seen with a firearm prior to the incident.

**{¶19}** Thus, based on the above, Carter has not shown by "clear and convincing evidence that the record does not support the sentence." Accordingly, Carter's sole assigned error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS
IN JUDGMENT ONLY WITH SEPARATE
OPINION


SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶21} I agree with the decision of the majority but write to express my concerns with the procedural posture of this case. In *State v. Carter*, 8th Dist. Cuyahoga No. 101810, 2015-Ohio-1834, the panel concluded that the nunc pro tunc entry was not the appropriate mechanism for correcting a trivial mistake. At the change of plea hearing and the original sentencing entry, the parties and the trial court referred to the involuntary manslaughter and aggravated robbery counts, to which Carter pleaded guilty, as being Counts 1 and 5 instead of Counts 3 and 7. Counts 1 and 5 were nolled at the plea hearing, and Counts 3 and 7 were amended. As a result, the only counts for sentencing were Counts 3 and 7. I fundamentally disagree with that panel's conclusion that a nunc pro tunc entry to correct the references to the counts, and not the substance of the crimes,

was inappropriate. The only counts left to be sentenced on were Counts 3 and 7, and the trial court properly identified the substance of those counts. Mislabeling the counts was ministerial at best.

{¶22} If, as that panel concluded, the trial court could not correct the sentencing entry to properly sentence the defendant on Counts 3 and 7, then there was no final appealable order for the purpose of appellate review because the original sentencing entry only sentenced Carter on Counts 1 and 5. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. No individual sentences were rendered on Counts 3 and 7. After concluding that there were no sentences imposed on Counts 3 and 7, the panel then considered the merits of the appeal with respect to those counts on several other issues (including the validity of the plea and the consecutive sentencing, and the failure to merge counts).

{¶23} That panel's conclusion is not only at odds with itself, but also led to confusion. The resentencing hearing was limited to the length of the sentence specifically based on the original panel's conclusions on the merits of the merger, plea, and consecutive sentencing issues. Those issues, however, should have been raised following the remand after this court had jurisdiction over the sentencing entry. The original panel was without jurisdiction to render any merit decisions after confirming the lack of a final appealable order. The remand should have been for a complete sentencing from which the appeal of right could have been taken addressing all issues, from plea through sentencing, in one decision. Any error in this procedural posture may well be harmless at this point, but bifurcating the appeal in this manner is far from ideal.

**{¶24}** On the issue actually briefed in the current appeal, I agree that the individual sentences are not contrary to law because the trial court considered the appropriate sentencing factors before imposing the prison terms.