[Cite as *State v. Clarke*, 2016-Ohio-8306.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104397**

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# JAH'KING D. CLARKE

### DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597935-D

**BEFORE:**   Blackmon, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   December 22, 2016

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Cuyahoga County Public Defender

By: Jeffrey Gamso
Cuyahoga County Public Defender
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Glen Ramdhan
Andrew J. Santoli
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Jah'King D. Clarke ("Clarke") appeals from the trial court's sentencing him to consecutive prison terms totaling 23 years and assigns the following error for our review:

> I. The trial court committed error when it imposed consecutive sentences without making the necessary findings.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On January 31, 2015, Clarke got into a verbal altercation with a group of men in a vehicle parked at a lot in Maple Heights. During the argument, Clarke reached into a black Audi and pulled out two guns. Clarke emptied the magazines of both guns into the parked vehicle, killing one man. There were three additional people in the car who were not injured. A surveillance camera in the parking lot captured video footage of the incident. Clarke left the scene and fled to Alabama, where he was eventually apprehended in July 2015. The police recovered 13 shell casings from the parking lot and determined that all of the bullets came from Clarke's guns.

**{¶4}** On February 26, 2016, Clarke pled guilty to voluntary manslaughter in violation of R.C. 2903.03(A), a first-degree felony, with a three-year firearm specification; felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony; and tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.

**{¶5}** On March 30, 2016, the court sentenced Clarke to prison as follows: ten years for voluntary manslaughter; three years for the firearm specification; eight years for

felonious assault; and two years for tampering with evidence. The court ran all sentences consecutively, for an aggregate term of 23 years in prison. It is from this order that Clarke appeals.

**Felony Sentencing Standard of Review**

{¶6} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or that (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶7} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶8} Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶9} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

### Consecutive Sentences

{¶10} Additionally, "to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender;" "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} In the instant case, Clarke argues that the court failed to find that consecutive sentences were not disproportionate to the danger Clarke poses to the public. Clarke argues that the court instead found that consecutive sentences "were not disproportionate to the danger he posed previously to" the murder victim and the assault victims.

{¶12} Our review of the sentencing hearing transcript shows that the court made the proper findings before imposing consecutive sentences. Specifically as to Clarke's argument, the court stated that his "conduct certainly is serious enough to warrant consecutive sentences either to protect the public in the future and also to punish the offender for that conduct." (Tr.132.)

{¶13} Additionally, the court made the other required statutory findings as follows: The court found that Clarke was "using two handguns fired almost simultaneously towards [the victims] at reasonably close distance * * * given the proximity of the rounds striking where they [did]." The court found that Clarke, who was 22 years old at the time of the shooting, had two prior cases involving a weapon, one of which resulted in a felony conviction. The court determined that consecutive sentences were appropriate, because "we have a different set of victims [including] the felonious assault involving three victims."

**{¶14}** The court continued as follows:

[G]iven the seriousness of the charge and the actions by Mr. Clarke as demonstrated by the presentation of the video * * * indicate that Mr. Clarke was placing at least four people at risk. Three were fortunate; one was not. And the conduct certainly is serious enough to warrant consecutive sentences either to protect the public in the future and also to punish the offender for that conduct.

The total number of years together is not disproportionate to the seriousness of his conduct and it's not disproportionate to the danger that he posed to both.

Coupled with that is Mr. Clarke's conduct thereafter. If there was in my view a true belief of self defense, Mr. Clark wouldn't have run. But he did. The video shows that [his] intent was to leave, leave immediately, and have no consequences or concern for any of the people left in that parking lot, three of who were not injured and one of whom died. And not only did [he] leave, [he] left the jurisdiction.

**{¶15}** The court additionally found that Clarke had "a record involving weapons" and was "unable to control [himself] in that regard * * *." Finally, the court found that Clark "intended to use both weapons and run through [the] magazine[s] until there were no rounds left. It wasn't a one-or two-shot situation. [Clarke was] intending to use every force of violence those weapons were to produce."

**{¶16}** Furthermore, the court's sentencing journal entry states, in part, as follows:

The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the

public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶17} Upon review, we find that the court made the findings required under R.C. 2929.14(C)(4), including that consecutive sentences are not disproportionate to the danger Clarke poses to the public. Clarke's sole assigned error is overruled.

{¶18} Sentence affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,　JUDGE

EILEEN A. GALLAGHER, P.J., and

SEAN C. GALLAGHER, J., CONCUR