[Cite as *State v. Darden*, **2017-Ohio-5576.**]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104815**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE D. DARDEN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604055-A

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 29, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
Office of the Ohio Public Defender

By: Charlyn Bohland
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Scott C. Zarzycki
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Andre D. Darden ("Darden") appeals from the juvenile court's transfer of his case to the general division of the common pleas court and the trial court's sentencing him to six years in prison for his aggravated robbery conviction. Darden assigns the following errors for our review:

> I. The juvenile court erred when it transferred Andre Darden's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution; Article I, Section 16, Ohio Constitution.

> II. The juvenile court erred when it transferred Andre Darden's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution; Article I, Section 2, Ohio Constitution.

> III. The trial court erred when it sentenced Andre Darden to six years in prison for aggravated robbery, because that sentence is not supported by the record in this case, in violation of R.C. 2953.08(G) and 2929.11(A).

> IV. Andre Darden was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 10, Ohio Constitution.

{¶2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

**{¶3}** In August 2015, Darden, who was 16 years old at the time, was involved in an armed robbery, and a complaint was filed against him in juvenile court. Darden was subject to mandatory transfer to the general division of the common pleas court to be tried as an adult upon a finding of probable cause, because he was 16 years old, charged with a "category two offense," and used a firearm to facilitate that offense. R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b). Darden waived his probable cause hearing, and the case was transferred to the common pleas court, where Darden was indicted with six felony counts. On June 15, 2016, Darden pled guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, and having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, with one- and three-year firearm specifications.

**{¶4}** On July 7, 2016, the trial court sentenced Darden to six years in prison for the aggravated robbery, to run consecutive to three years in prison for the firearm specification, to run concurrent with six months in prison for the weapons charge. Darden appeals his mandatory transfer from juvenile court and his six-year sentence for aggravated robbery.

**Mandatory Transfer Provisions in
R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b)**

**{¶5}** On May 25, 2017, during the pendency of this appeal, the Ohio Supreme Court released *State v. Aalim,*[1] Slip Opinion No. 2017-Ohio-2956, ¶ 4, which holds that

---

[1] This opinion was released on the state's motion for reconsideration of *State v. Aalim*, Slip Opinion No. 2016-Ohio-8278.

"the mandatory bindover of certain juvenile offenders [to adult court] under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions."

{¶6} Upon the authority of *Aalim*, Darden's first and second assigned errors are overruled.

## Felony Sentencing Standard of Review

{¶7} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or that (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶8} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶9} Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." Additionally, the sentence imposed shall be

"commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶10} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶11} In the case at hand, Darden argues that his six-year prison sentence for aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, is not supported by evidence in the record. Specifically, Darden argues that the mitigating factors — particularly the fact that he was 16 years old when he committed the offense — weigh against his sentence. Darden's aggravated robbery conviction is punishable by a discretionary prison term of three to 11 years. Therefore, Darden's sentence of six years in prison is within the statutory range.

{¶12} According to the record, on August 18, 2015, Darden and three other males robbed the victim of his vehicle at gunpoint. Darden was the individual who held the gun to the victim's head. Police found Darden shortly after the incident, hiding under a car nearby with the victim's cell phone in his front pocket. Darden has an extensive

juvenile record dating back to 2010 when he was 11 years old and is "entrenched in the gang culture." According to his presentence investigation report, Darden is in the "high risk level" for recidivism.

{¶13} At the sentencing hearing, the victim of the aggravated robbery testified that he did "a lot of community work with the kids * * * in the 93rd and Kinsman area" until Darden stuck "a pistol in my face and it changed everything." The victim testified that he did not want to help the area youth anymore, "because I think right now all of them [are] just useless." The victim and his wife are "always looking over our shoulder, think it's gonna happen again."

{¶14} Defense counsel stated that, as a mitigating factor, Darden "was 16 years old, he was obviously at a tender age when he participated in this robbery." Additionally, Darden suffers from "a number of mental health issues," "intellectual disability," and receives "SSI benefits." According to defense counsel, these are detailed in the "mitigation of penalty report"; however, this document does not appear to be in the record for our review. Furthermore, Darden "has a significant drug problem." Defense counsel also stated that "no one was physically hurt in this case," and Darden has had the consistent support of his family throughout these proceedings.

{¶15} The court found that Darden took away the victim's "sense of security. And you know, really when somebody takes [a]way a sense of security from somebody, that's just about everything that you have." The court continued:

> You know, this case is very difficult in terms of, you know, you're a young
>
> individual. I don't think you're worth throwing away, but these are

extraordinarily serious acts. And you have a history of extraordinarily serious acts that can't be explained by anything other than that, at this time, you're a complete danger to the public at large. This is, at least for six years, out of control behavior that I think warrants more than the minimum time.

{¶16} Upon review, we find that Darden's prison sentence is supported by evidence in the record, and his third assigned error is overruled.

## Ineffective Assistance of Counsel

{¶17} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶18} In the case at hand, Darden argues that his "trial counsel was ineffective for failing to object to the constitutionality of the transfer of his case to criminal court." Upon review, we cannot say that Darden suffered prejudice as a result of his counsel's performance given the disposition of Darden's first two assigned errors. *See State v. Aalim*, Slip Opinion No. 2017-Ohio-2956. Accordingly, Darden's fourth and final assigned error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, GeneralDivision, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,  JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR