[Cite as *State v. Barnes*, 2020-Ohio-665.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :

                             No. 108360

    v.                           :

DEYONTE BARNES,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-632526-A and CR-19-636606-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan A. Helton, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Deyonte Barnes ("Barnes") appeals from his five-year prison sentence and assigns the following errors for our review:

    I.    The court erred in that it did not consider the ORC 2929.11 factors.

II.	It was error not to consider the ORC 2929.12 factors.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment.  The apposite facts follow.

{¶ 3} On December 5, 2018, Barnes pled guilty to robbery in violation of R.C. 2911.02(A)(2), a second-degree felony, with a notice of prior conviction specification in Cuyahoga C.P. No. CR-18-632526.  On February 19, 2019, Barnes pled guilty to domestic violence in violation of R.C. 2919.25, a fifth-degree felony, and drug possession in violation of R.C. 2925.11, a fifth-degree felony, with firearm specifications in Cuyahoga C.P. No. CR-19-636606-A.

{¶ 4} Also on February 19, 2019, the court sentenced Barnes to a total of five years in prison.  Specifically, Barnes's sentence is five years in prison for robbery in CR-18-632526-A and two years in prison for the convictions in CR-19-636606-A, to run concurrently.  Barnes's two-year sentence consists of 12 months in prison for domestic violence to run concurrent to 12 months in prison for drug possession, and one year in prison for the firearm specification, to run consecutive to the 12 months.  It is from this sentence that Barnes appeals.

**Felony Sentencing Standard of Review**

{¶ 5} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" certain provisions of R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may

conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 6} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 7} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden of state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 8} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of

sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶ 9} Pursuant to R.C. 2929.14(A)(2), the prison term for a second-degree[1] felony conviction is two to eight years, and pursuant to R.C. 2929.14(A)(5), the term for a fifth-degree felony conviction is six to 12 months. Barnes's five-year prison sentence for the robbery is more than the minimum, but not the maximum term allowed. Barnes's 12-month sentences for his two fifth-degree felony convictions are both the maximum allowed under the law. Barnes's one-year sentence for the firearm specification is mandatory pursuant to R.C. 2941.141(A) and 2929.14(B)(1)(a)(iii).

{¶ 10} We review Barnes's assigned errors together. On appeal, he argues that the court failed to consider the statutory factors found in R.C. 2929.11 and 2929.12. The following facts about the offenses at issue were put on the record at Barnes's sentencing hearing.

{¶ 11} In Case No. CR-18-632526-A, Barnes "and his brother stopped the victim while he was riding his bicycle and beat him up." Barnes hit the victim, "and he broke his jaw in two places." The victim "had to have several surgeries since

---

[1] Barnes argues in his appellate brief that he received "the absolute maximum sentence" of five years for a third-degree felony conviction. However, the record shows that Barnes's robbery conviction is a second-degree felony, rather than a third-degree felony.

then, and he did want the Court to know that his is a lifetime affliction for him, [in] that he's going to have to deal with this injury for the rest of his life." The victim asked the court to sentence Barnes to five years in prison. In Case No. CR-19-636606-A, the victim stated on the record that she and Barnes had a child together and that she is the victim of Barnes's domestic violence conviction.

{¶ 12} From these facts, the court stated the following:

So, I have considered the purposes and principles of the Ohio Revised Code section regarding sentencing.

I've read the presentence report. I've listened to what everybody had to say.

And sir, this is the sentence that I am going to give you. Obviously, I'm sending you to the institution. Both cases require that you go to the institution.

And interestingly enough, as I was giving this a lot of thought before we came out, I was thinking that five years would, in fact, be appropriate, and that's kind of the range that I was thinking and it's interesting that that is the exact number that the victim also indicated.

{¶ 13} The court imposed Barnes's sentence and advised him of postrelease control. The court ran Barnes's sentences in these two cases concurrently, but consecutive to his federal sentence. The court found that this was necessary to protect the public and punish Barnes. The court found that the sentences "are not disproportionate to [Barnes's] conduct and to other sentences given out." The court continued by stating that, "importantly, I find that your criminal history necessitates" the sentence imposed.

You have some assaults as a juvenile. You also have a felony assault in 2008.

* * *

[Y]ou * * * have * * * in 2008, an aggravated riot, and you were * * * given Community Control sanctions, and you violated it.

And then in 2009, * * * you have two cases. First one is an aggravated burglary with a three-year firearm specification, and [the court] gave you seven years on that case.

And in the other case, it is a count of robbery. [The court] gave you two years on that [and] ran them concurrently.

And then you come to the cases you have with [this court]. Obviously, you have some very serious cases in your past. They're violent.

{¶ 14} Upon review, we find that the court considered the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced Barnes within the permissible statutory range. Therefore, Barnes's sentence is not contrary to law, and his two assigned errors are overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR