[Cite as *State v. Rodgers*, 2023-Ohio-3478.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112353 |
| MALIK JUSTIN RODGERS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661496-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Malik Justin Rodgers ("Rodgers") appeals his 30-month prison sentence imposed in relation to his convictions for two felonies. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On May 24, 2021, Rodgers sexually assaulted his girlfriend's 17-year-old sister.  On December 14, 2022, Rodgers pled guilty to gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(1), a fourth-degree felony, and abduction in violation of R.C. 2905.02(A)(2), a third-degree felony.  On January 10, 2023, the court sentenced Rodgers to 18 months in prison for the GSI and 30 months in prison for the abduction, to run concurrently, for an aggregate sentence of 30 months in prison.  At the outset, we note that this sentence is within the statutory sentencing range for third- and fourth-degree felonies.  *See* R.C. 2929.14(A)(3)(b) and (A)(4).

{¶ 3}  Rodgers now appeals raising two assignments of error for our review:

I.  The trial court's sentence was contrary to law.

II.  The appellant's constitutional right to due process was violated when the trial court was neither impartial or neutral.

## II.  Law and Analysis

### A.  Felony Sentencing

{¶ 4}  R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * * " or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing.  *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.  In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2)

"does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 5} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 6} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 7} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has

held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶ 8} In Rodgers's first assignment of error, he argues that his sentence is contrary to law "because the Trial Court blatantly failed to take into consideration ORC 2929.12." Specifically, Rodgers argues that the following R.C. 2929.12 factors, which concern mitigation, i.e., that Rodgers's conduct was a "less serious" form of the offenses, "are especially pertinent in the instant appeal":

> (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
>
> (1) The victim induced or facilitated the offense.
>
> * * *
>
> (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
>
> (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 9} Rodgers argues that the trial court failed to consider "the prior sexual relationship between the alleged victim and [Rodgers]," which "indicates that the victim could have facilitated or induced the offense, that [Rodgers] did not expect to cause harm by engaging in the physical activity with the alleged victim, and that there was strong mitigation * * *."

{¶ 10} As noted, the R.C. 2929.12 factors that a court must consider when imposing a felony sentence relate to the seriousness of the defendant's conduct and the likelihood of the defendant's recidivism. This court has held that "consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8.

{¶ 11} At Rodgers's sentencing hearing, the state argued that R.C. 2929.12(B)(6), which states that the "offender's relationship with the victim facilitated the offense," applies to this case, "indicating that the offender's conduct is more serious than conduct normally constituting the offense * * *." The state also argued that the victim did not induce or facilitate the offense, because it was a "nonconsensual sexual assault" and that Rodgers expected to harm the victim by "forcibly sexually assaulting" her.

{¶ 12} Defense counsel argued at the sentencing hearing that Rodgers took "responsibility that something happened," and he "never wanted to put [the victim] through a trial and tear the family up more about this event." Defense counsel also stated that Rodgers "and the alleged victim knew each other well, as * * * Rodgers was in a relationship and living with the victim's sister at the time of the alleged incident. The victim had long displayed jealous behavior with regards to her sister's relationship with" Rodgers. Defense counsel noted that Rodgers "remains in a committed relationship with the victim's sister," because the sister "does not believe that allegation because [the victim] is not reliable and promiscuous." Defense counsel further stated that "based on the victim's lack of credibility and

inconsistencies in her statements, and the lack of physical evidence presented * * * in that there was none," the state and Rodgers agreed to a plea deal. Defense counsel concluded by stating that "under the factors in 2929.12 and 2929.11, * * * it would be appropriate to place [Rodgers] on a term of community control * * *. [Rodgers] does not pose a high-risk recidivism [and] he's genuinely remorseful for his actions."

{¶ 13} Our review of the record shows that the trial court made numerous statements at Rodgers's sentencing hearing that relate to R.C. 2929.12. The court stated on the record that it reviewed defense counsel's sentencing memoranda, which included "various letters from people in support of * * * Rodgers." The victim's sister "still supports" Rodgers and said that he "goes to work everyday to provide everything for the kids." The court referenced five letters that "talk about" Rodgers "being a good father, and being a person that steps up to help family members in their time of need." The court stated, "There's an enormous amount of that. So I just wanted to establish that I had reviewed all those things."

{¶ 14} The court found that Rodgers had "a long criminal record," including juvenile delinquencies and adult-felony convictions, although nothing in the record indicated that Rodgers had been convicted of any previous sexual offenses.

{¶ 15} The court explained that it "considered the principles and purposes of felony sentencing, 2929.11 of the Ohio Revised Code. And I think my sentence will comport with all of those requirements. The Court likewise looked at the serious factors and the recidivism factors, and they are significant."

{¶ 16} Additionally, the trial court's January 10, 2023 sentencing journal entry is consistent with its findings on the record and states that it "considered all required factors of the law."

{¶ 17} Upon review, we find that Rodgers failed to overcome the presumption that the trial court considered the appropriate statutory factors, including the seriousness-of-the-offense and recidivism factors found in R.C. 2929.12. At the sentencing hearing, defense counsel and the prosecutor set forth their arguments regarding the applicable R.C. 2929.12 factors. The court stated on the record that it "looked at the serious factors and the recidivism factors, and they are significant."

{¶ 18} Rodgers further argues that, in the alternative, "the record cannot possibly support" the trial court's claim that it considered the factors found in R.C. 2929.11. However, pursuant to *Jones*, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 39. Upon review, we find this argument to be without merit.

{¶ 19} Accordingly, Rodgers's sentence is not contrary to law, and his first assignment of error is overruled.

## B. Impartiality of Trial Court

{¶ 20} This court has held that "it is incumbent upon the judiciary to remain detached and neutral in any proceeding before it. * * * When determining whether

or not a trial judge's comments were appropriate, a reviewing court must decide whether the remarks were prejudicial to a defendant's right to a fair" proceeding. *State v. Blazer*, 8th Dist. Cuyahoga No. 93980, 2010-Ohio-6367, ¶ 49. "A judge is presumed to be unbiased and unprejudiced over the matters in which she or he presides." *State v. Bonnell*, 8th Dist. Cuyahoga No. 91785, 2009-Ohio-2721, ¶ 12.

{¶ 21} In Rodgers's second assignment of error, he argues that the trial court "made it known that [it] was neither neutral or impartial, and was determined to punish [Rodgers] both for the reduced rape count,[1] and for the crimes of countless other men." According to Rodgers, this alleged impartiality occurred "[f]rom nearly the moment the sentencing started * * *."

{¶ 22} Our review of the record shows that the trial court ordered and considered a presentence-investigation report prior to sentencing Rodgers. Additionally, the court made the following statements at Rodgers's sentencing hearing that relate to his second assignment of error:

> [Rodgers] attacks [the victim], and then the nature of this attack is given here, and, frankly, it really — the attack reads like a rape offense, not a mere [GSI], and I noticed that * * * Rodgers was originally indicted for rape, and the plea bargain reduced it to [GSI].
>
> * * * [A]nother thing here that we see in these sexual assaults so often is a defendant acting with no regard or thought, whatsoever, as to the impact of their actions on their victim.
>
> It is an altogether too common scenario where a family entrusts a young female to a situation, and then the minute that another adult

---

[1] Rodgers was originally indicted for rape in the instant case but ultimately pled guilty to GSI.

leaves the room, or leaves the household, the perpetrator of a sex offense immediately victimizes the vulnerable young lady.

* * *

So, Mr. Rodgers, I take no pleasure in sending you to prison today.

But it is the correct sentence in view of your criminal record, in view of the recidivism factors, in view of the seriousness factors, in view of the crimes that you have committed. * * * I'm not sentencing you as a rapist. I'm sentencing you as a person that told me you were guilty of [GSI], a felony of the fourth degree, and abduction, a felony of the third degree.

{¶ 23} The case at hand can be analogized to *Bonnell*, in which this court rejected the defendant's argument that he "was denied a fair sentencing hearing before an impartial judge because the trial judge was heard to refer to him as a 'monster' in off-the-record proceedings before sentencing." *Bonnell*, 8th Dist. Cuyahoga No. 91785, 2009-Ohio-2721, at ¶ 2. The *Bonnell* Court found that, assuming the judge did refer to Bonnell as a "monster, * * * that characterization does not prove that the judge was biased or impartial." *Id*. at ¶ 6.

> The term "bias or prejudice," when used in reference to a judge, "implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 132 N.E.2d 191, paragraph four of the syllabus.

*Id*.

{¶ 24} In applying *Pratt*, the *Bonnell* Court held as follows:

> That the trial judge had formed an opinion on Bonnell's character prior to sentencing is of no significance given the amount of information available to the judge about Bonnell and the case. Even though there had been no trial because Bonnell chose to plead guilty, there were

several pretrials at which the trial judge presumably became acquainted with the facts supporting the indictment. The judge also had the benefit of a presentence investigation report and a sentencing memorandum from Bonnell. The record includes the state's production of medical records and interviews with Bonnell in which the underlying facts of the incident giving rise to the victim's shaken baby syndrome were set forth in detail.

*Id.* at ¶ 7.

{¶ 25} Upon review of the record in the case at hand, and in following *Bonnell*, we find nothing that suggests the trial court "acted from personal animosity when imposing [Rodgers's] sentence." *Id.* at ¶ 9. The court did not impose the maximum sentence[2] nor did it run Rodgers's sentences consecutively. Additionally, the court specifically stated that it was "not sentencing [Rodgers] as a rapist," despite its prior remark that "the attack reads like a rape offense * * *." Rodgers has failed to show that the trial court was "neither neutral or impartial," and his second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] Pursuant to R.C. 2929.14(A)(3)(b), "[f]or a felony of the third degree," including abduction in violation of R.C. 2905.02, "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Pursuant to R.C. 2929.14(A)(4), "[f]or a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." In the instant case, the court sentenced Rodgers to 30 months in prison for the abduction conviction, which is less than the statutory maximum of 36 months for this offense.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR